# SUPREME COURT.

## CHARLES BURRALL agt. HENRY C. BOWEN and others.

It is necessary that an *answer* should show that the note sued on never had any valid existence as a contract, or promise to pay, *at the time it was discounted by the plaintiff*, in order to predicate the defence of *usury in the transfer thereof to the plaintiff*.

If the holder, to whom the maker indorses in blank, parts with full consideration for the note to some other party, it is valid business paper in his hands, although the maker made the note for the accommodation of such other party.

An allegation in an answer that the note never had any validity as against the defendants, is an allegation of a conclusion of law. It is necessary to aver the *facts* which would show that the note had no validity.

Where, on a motion to strike out an answer as *sham*, it appears that *some of the defendants* may have a valid defence, which will require a denial of facts alleged in the complaint, and which on demurrer by them are admitted, they may be permitted to serve an amended answer, which would be denied to the other defendants who show no merits.

*New York Special Term, August,* 1861.

IN this case the plaintiff sued defendants' firm on a promissory note made by some members of the firm, and indorsed by them to Seymour & Co. in blank, for paper furnished by that firm for the "Independent" newspaper, of which it was alleged the defendants were proprietors.

The defendants put in an answer, averring that the firm of Bowen, Holmes & Co., received no consideration for the note in suit, the same having been made by some of the members without knowledge of the other parties in the firm. A defence of usury was also set up. A motion was then made to strike out the answer as sham, or for judgment on account of frivolousness of the answer.

J. E. BURRILL, *for the plaintiff.*
WM. A. BUTLER, *for the defendants.*

LEONARD, Justice.   The plaintiff moves for judgment on account of the frivolousness of the answer of the defendants, Bowen, Holmes & Co., and if that be not granted, then that the answer be stricken out as sham.

The answer avers that "Bowen, Holmes & Co.," the makers of the note mentioned in the complaint, received no consideration therefor, and that the plaintiff discounted it at an unlawful and usurious rate of interest; that the note never had any validity against the defendants, and the plaintiff reserved interest upon discounting the note, at the rate of eight per cent. per annum.

The note is payable to the order of the defendants, Bowen, Holmes & Co., and was by them indorsed in blank, and then also indorsed by Seymour & Co., in blank, and delivered to the plaintiff, as it is stated in the complaint.

It is necessary that the answer should show that the note never had any valid existence as a contract or promise to pay at the time it was discounted by the plaintiff in

order to predicate the defence of usury in the transfer thereof to the plaintiff.

The defendants have failed to do this. It is not sufficient to say that Bowen, Holmes & Co., received no consideration for the note.

If Seymour & Co., parted with a full consideration for the note to some other party, it was valid business paper in their hands, although Bowen, Holmes & Co., made the note for the accommodation of such other party.

By the rules of pleading, every intendment is to be taken against the pleader. The law presumes that he made the best statement of his case of which it was capable.

The answer may be true, and yet the note have been passed for full consideration before the plaintiff discounted it.

It is needless to add that in such case the rate at which the plaintiff discounted the note is wholly immaterial.

Nor is the answer improved by the subsequent allegation that the note never had any validity as against the defendants.

That allegation is a conclusion of law. It was necessary to aver the facts which would show that the note had no validity.

A statement that a note is invalid in no manner apprises the opposite party what facts he must be prepared to meet at the trial.

The answer would be clearly bad on demurrer, and it has been held that in such case the court will not reverse an order which grants a judgment on account of the frivolousness of the answer, because a reversal could result in no utility. A judgment on demurrer to the answer would be the same.

On strict rule it would not be illegal to order judgment for the plaintiff in this case, for these reasons:

The affidavits on which the motion to strike out the answer as sham have been read, from which it appears that some of the defendants may have a valid defence, perhaps,

also, in some aspects a meritorious one. Such defence will, however, require a denial of facts alleged in the complaint which are now, by the rules of pleading, admitted.

The defendants, Bowen, Holmes & Co., have not denied that they made the note in suit; it is, therefore, by the rules of pleading, deemed to be admitted.

The affidavits of the plaintiff show that the note was delivered to Seymour & Co. for paper furnished to the proprietors of the newspaper called the "Independent," among whom are three of these defendants.

These facts, without further explanation, would *prima facie* establish that the note was valid business paper in the hands of Seymour & Co., as against Bowen, Holmes & Co., and, therefore, good in the hands of the plaintiff, although the last mentioned firm "received no consideration."

The affidavits read by the defendants state that the members of that firm had no knowledge of the use of the name of Bowen, Holmes & Co., in purchasing paper for the "Independent."

An answer, showing substantially that certain members of the defendants' firm made the note in question, in fraud of the other members, would be meritorious as to them, and would let in the defence of usury, legitimately.

I am, therefore, of the opinion that the defendants who have no interest in the "Independent" should be permitted to serve an amended answer, but that the defendants who are proprietors in that paper ought not to be permitted to do so, inasmuch as the answer is, as to them, evasive as well as frivolous.

Judgment must be rendered for the plaintiff on account of the frivolousness of the answer, with leave to the defendants Avery, Van Olinda & Lasell, to serve an amended answer in ten days, on payment of $10 costs of this motion.